## No. 4623.

### CHAFFRAIX & AGAR *v.* W. P. HARPER, Sheriff, and D. & J. D. EDWARDS.

The material facts in this case are as follows: The plaintiffs were, in 1871 and 1872, the commission merchants and factors of Wilkinson, who owed them in April, 1872, about $18,000 evidenced by two notes secured by mortgage, at which date their payment was extended to first of February, 1873. A pledge of other notes and another mortgage were given to secure the said indebtedness and the advances to be made for the crop of 1873, to the amount of $12,000, the planter obligating himself to ship the crop of that year and each subsequent year, if necessary, to pay the said sums with interest, and all commissions, expenses, etc. In December, 1872, the shipment in question was made of hogsheads of sugar and barrels of molasses, marked with the initials of plaintiffs, but without any special instructions from Wilkinson. The plaintiffs received the bill of lading early on the morning of the day of its arrival. A few hours afterwards, on the same day, the sheriff of the parish of Orleans, with a fi. fa. from the Parish of Plaquemines, in the suit of D. and J. D. Edwards v. Wilkinson, went aboard of the steamboat and seized the said sugar and molasses as the property of the said Wilkinson. Whereupon the plaintiffs claiming the custody and control of the said property to the exclusion of Wilkinson's creditors and as exempt from seizure by them, took an injunction.

The court thinks that the property belonged to Wilkinson, the shipper, and that his creditors might seize, subject to the rights of the consignees to be settled contradictorily with the seizing creditors, inasmuch as the consignees were the agents of the shipper, and their constructive possession under the bill of lading, did not give them an ownership, nor exempt the property from the pursuit of the creditors of the owner, either by actual seizure under the fi. fa., or by the garnishment process. The latter mode is not exclusive. Either may be resorted to according to circumstances.

The injunction was not the remedy to which the plaintiffs were entitled. The sheriff should have proceeded with the sale, leaving the plaintiffs and defendants to settle their respective rights to the proceeds.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Gilmore & Sons*, for plaintiffs and appellees. *Hornor & Benedict*, for defendants and appellants.

HOWELL, J. The plaintiffs, commission merchants in New Orleans, and the factors of Dr. J. B. Wilkinson, a sugar planter in the parish of Plaquemines, injoin the sheriff and D. & J. D. Edwards, judgment creditors of said Wilkinson, from interfering with their possession and the sale and disposition by them of certain sugars and molasses shipped to them by said Wilkinson to be sold, and the net proceeds placed to the credit of said Wilkinson's account with plaintiffs, for supplies

Chaffraix & Agar v. Harper, Sheriff, and D. & J. D. Edwards.

and advances made by them and secured by mortgage. The defendants plead a general denial, admit the seizure under their judgment of the property in question as the property of their debtor, deny that any special instructions were given in regard to the shipment thereof, allege that if plaintiffs have any claim against Wilkinson they are protected by their mortgage; further that plaintiffs, under cover of their injunction, have obtained possession of said property and sold it for their own benefit, and they pray that the injunction be dissolved and for judgment against plaintiffs and their surety *in solido* for the amount of their writ and damages.

From a judgment perpetuating the injunction the defendants have appealed.

The material facts are, that the plaintiffs were, in 1871 and 1872, the commission-merchants and factors of J. B. Wilkinson, who owed them in April, 1872, about $18,000, evidenced by two notes secured by mortgage, at which date their payment was extended to first February, 1873; a pledge of other notes and another mortgage were given to secure the said indebtedness and the advances to be made for the crop of 1873 to the amount of $12,000, the planter obligating himself to ship the crop of that year, and each subsequent year if necessary, to pay the said sums with interest and all commissions, expenses, etc., of shipment, sales, etc.; that in December, 1872, the shipment in question was made without any special instructions from the planter, the plaintiffs receiving the bill of lading early in the morning of the day of its arrival; a few hours afterwards, on the same day, the sheriff of Orleans with a *fieri facias* from the parish of Plaquemines, in the suit of D. & J. D. Edwards v. J. B. Wilkinson, went aboard of the steamboat and seized the said sugar and molasses as the property of the said Wilkinson. Whereupon this injunction issued, the plaintiffs claiming the custody and control of said property to the exclusion of Wilkinson's creditors and as exempt from seizure by them.

We think the property belonged to Wilkinson, the shipper, and that his creditors might seize it, subject to the rights of the consignees to be settled contradictorily with the seizing creditors, inasmuch as the consignees were the agents of the shipper and their constructive possession under the bill of lading, did not give them an ownership, nor exempt the property from the pursuit of the creditors of the owner, either by actual seizure under a *fi. fa.* or by the garnishment process. The latter mode is not exclusive. Either may be resorted to according to circumstances. C. P. 642.

Article 3247 (3214) C. C., gives a privilege to the consignee superior to the attaching creditor for any balance that may be due him, provided he has obtained possession or received a bill of lading. The language of

this article plainly implies that the goods may be attached, and, as we have remarked above, a direct seizure by the sheriff may be made if he can take actual possession, the attachment not being exclusive of the direct seizure.

The conclusion seems to us to be clear that the injunction was not the remedy to which the plaintiffs were entitled, and that the sheriff should have proceeded with the rule, leaving to plaintiffs and defendants to settle their respective rights to the proceeds.

Although the common debtor is not before us, there is evidence sufficient in the record, including plaintiffs' account against him, to show that the right of the defendants to the proceeds of the property seized is superior to that of plaintiffs, who by their proceeding are liable, under the evidence, to the defendants for the amount thereof in their hands.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of D. & J. D. Edwards dissolving the injunction herein, and that they recover of plaintiffs and their surety, S. Cambon, *in solido*, the amount of the judgment against Dr. J. B. Wilkinson, injoined herein, to wit: $2551 12, with interest and costs therein allowed, not to exceed $3800, the value of the property of said Wilkinson in the hands of plaintiffs as alleged by them. Costs of this suit in both courts to be paid by plaintiffs.

## On Rehearing.

Howell, J. The error which the plaintiffs' counsel make is in considering the bill of lading in this case as plaintiffs title to a special ownership of the property, and that the latter have a privilege for advances on the crop, of which the property seized was a part.

They can not hold both positions at the same time, that of owner and a creditor with privilege. They do not claim however as owners but as creditors with a privilege for advances, and we think the record shows that they had no privilege for the debt, which existed at the date of the seizure, and that the shipment was made without special instructions. They are merely the factors of the owner, with power to sell, and having no privilege and no special instructions, their possession of the bill of lading gave them only the possession and control necessary to make the sale, and until that was made, or special instructions had effect, their possession was, in law, the possession of the owner, whose creditors could seize the property subject, of course, to any preference in favor of all parties, having a preference on the proceeds.

We can not assent to the proposition that the receipt by the factor or commission merchant, of a bill of lading in the ordinary course of business between planter and factor, without the existence of some

Chaffraix & Agar v. Harper, Sheriff, and D. & J. D. Edwards.

special privilege or effective instructions, will give the factor such control of the property shipped as to exempt it from the pursuit of the planters first creditor's.

The cases of Felter v. Field, 1 An. 83, and Delgado v. Wilbur, 25 An. 82, do not apply to this case.

It is therefore ordered that our former decree herein remain undisturbed.

MORGAN, J., *dissenting.* In the case of Felter v. Field, 1 An. 83, it was said: " Was the property sold by the plaintiffs in the possession of the defendants at the time of the attempt to enforce the vendor's privilege ? It was on shipboard under a bill of lading. It was in the possession of the carrier who possessed it for the lawful holder of the bill of lading, who had the only symbol of ownership, and had the sole control of it and sole power of disposing of it. By putting the bill of lading in the postoffice the defendants parted with all control over it, for they addressed it to the consignees in whose favor the bill was made, and on whose signature the shipment was to be delivered. In no sense could the defendants be considered as being in the possession of the property after the shipment and transmission of the bill of lading towards its destination." The same doctrine was recognized by this court in the case of Delgado v. Wilbur, 25 An. 82.

These decisions rest upon what I understand to be the well recognized principles of the commercial law. It is based upon the doctrine that the bill of lading is the title to the property which it represents.

In this case Wilkinson, a debtor of plaintiffs, shipped to them a certain quantity of sugar and molasses. The sugar was marked with their initials. The bill of lading under which it was shipped declared that it was to be delivered to them or to their assigns, at New Orleans. The produce reached New Orleans. The bill of lading was delivered to plaintiffs. After the bill of lading was in their possession, the property was seized under a *fieri facias.* I think the property was not liable to seizure. It was not in the possession of Wilkinson, nor was it under his control. Even had he sold it to Chaffraix & Agar on a credit, and they had failed before it had been delivered to them, he could only have prevented them from taking possession of it by stopping it *in transitu.* The assignment of the bill of lading by Chaffraix & Agar would have been good. As soon as the bill of lading reached their hands they could have sold the property which it represented; and this, because in law the possession of the bill of lading was their title to the property. If the legal title was in them, it could not be seized by Wilkinson's other creditors under a *fieri facias.*

For these reasons, as well as for those given by the district judge, I think the judgment should be affirmed.